IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **ERNESTO ROCHA,** *Plaintiff* | § § | |
| v. | § § | CA NO. __7:21-cv-182_____ |
| **CITY OF MCALLEN,** *Defendant* | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Ernesto Rocha ("Plaintiff") files this Complaint and Jury Demand and would respectfully show the Court as follows:

### NATURE OF THE ACTION

1. Plaintiff was employed by the Defendant City of McAllen ("City") for over four years as an Operations Specialist in the Operations Department. Plaintiff performed the essential functions of his job without any prior written complaints or reprimands. But after Plaintiff recently took leave for dental surgery in accordance with the Family and Medical Leave Act ("FMLA"), he returned to work and was terminated that same day. The City unlawfully interfered and retaliated against Plaintiff for requesting and taking FMLA leave.

### PARTIES

2. Plaintiff Ernesto Rocha is a United States citizen, resident of the State of Texas, and resides in Hidalgo County, Texas. Plaintiff has resided there at all times material to this lawsuit. Plaintiff has standing to bring his claim in this lawsuit pursuant to the FMLA.

3. Defendant City of McAllen is a political subdivision organized under the laws of Texas and located in the U.S. Southern District of Texas, Hidalgo County, Texas. Defendant, at all relevant times, was the employer of Plaintiff. Defendant may be served with process by serving

its Secretary, Perla Lara, at 1300 Houston Avenue, City Hall- Second Floor, McAllen, Texas 78501, or wherever she may be found. *See* Tex. Civ. Prac. & Rem. Code Section 17.024.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  Plaintiff brings claims under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*.

5.     Venue is proper in this District based on 28 U.S.C. § 1391(b).  Defendant resides in Hidalgo County, Texas located within the Southern District of Texas.  This judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.     In accordance with the City of McAllen's Disciplinary and Grievance Procedures, Plaintiff timely filed an administrative appeal of his termination with the City of McAllen.  An administrative appeal hearing was held on January 14, 2021.  Plaintiff's appeal was denied on January 15, 2021, before the filing of this lawsuit.

7.     All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## STATEMENT OF FACTS

8.     Plaintiff began his employment with the City of McAllen on September 6, 2016, and since that time has not had a single reprimand in his personnel file.  Plaintiff has worked in the Operations Department for the City.  In the three months leading up to Plaintiff's termination, Plaintiff had taken 5 days of sick leave based on medical and dental issues. On December 12, 2020, Plaintiff took leave under the FMLA to receive dental surgery for a bone graft. Attached hereto as **Exhibit A** is a true and correct copy of his Medical Note.  Plaintiff returned to work and resumed his duties on December 21, 2020.  *See* Exh. A.

9.      On December 18, 2020, while Plaintiff was still on FMLA leave, the City determined he should be terminated for allegedly "fail[ing] to follow instructions; to complete work assignment" with the alleged "date of incident" as "10/06/20 – 12/10/20."[1] Attached hereto as **Exhibit B** is a true and correct copy of Employee Disciplinary Report ("Report") dated December 18, 2020. From October 1, 2020 to December 1, 2020, Plaintiff had taken 5 days of sick leave and had suffered different medical and dental issues in that time frame. The "type of action" checked by the City was "termination" which is the most severe of all the options available on the Report. *Id*. The Report is signed but not dated by all the individuals.[2]

10.     On December 21, 2020, which is the same day he returned to work from being on FMLA leave, Plaintiff was provided with the Report and the City's Memorandum ("Memorandum") stating that Plaintiff's termination was effective immediately. Attached hereto as **Exhibit C** is a true and correct copy of the Memorandum. The Memorandum is from the City's Convention Facilities Director Yajaira Flores ("Flores") and purports to outline the "ongoing issues" with Plaintiff's job performance and conduct as the basis for his termination. The Memorandum states these "issues" had been addressed with Plaintiff previously and that he was "counseled about them on numerous occasions." Exh. C.  These numerous occasions, if they occurred, were never reduced to writing. The alleged reasons for termination as stated in the Memorandum include: (1) responsibility to work during events scheduled and failure to provide schedules for prior approval; (2) inability to secure a perimeter fence as directed; and (3) unprofessional behavior. *Id*. Plaintiff

---

[1] The Report is dated December 18, 2020 but the "date of incident" is "10/06/20-12/10/20." *See* Exh. B.

[2] The Report is signed by the following: Supervisor (undated); Department Head (undated); Human Resources Director (dated 12/21/20); City Attorney (dated 12/21/20); Assistant City Manager (undated); and City Manager (undated).

---

disputes the apparent reasons, and none of these alleged issues are the real reason for Plaintiff's termination.

11. Plaintiff appealed the City's decision in writing in accordance with the City's internal procedures. An appeal review meeting was held on January 14, 2021 before the City Manager, Assistant City Attorney, HR Director, and Flores. At the appeal, Flores provided "new" reasons the City decided to terminate Plaintiff. These reasons, however, were excluded from the Memorandum and did not occur within the prior two month "date of incident" as stated in the Report. Some of the newly claimed reasons included Plaintiff's failure to work more overtime (which is voluntary) and taking vacation time which was approved prior to an event that occurred in the Spring of 2020. Again, none of these alleged reasons for termination were included in Plaintiff's personnel file.

12. Since Flores has taken over as Convention Facilities Director at the City, numerous employees have resigned and/or have been transferred. When Plaintiff was on FMLA leave, City employees informed Plaintiff that his supervisors, including Flores, expressed anger when Plaintiff took his FMLA leave.

13. The City's alleged reasons for terminating Plaintiff are pretextual and highly suspect especially because Plaintiff was terminated on the same day he returned from FMLA leave.

## FMLA VIOLATIONS

14. Plaintiff incorporates by reference the allegations contained in the above paragraphs.

15. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*.

16. Defendant satisfies the definition of "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

17. At all relevant times, Plaintiff was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

18. While Plaintiff was employed by Defendant, Plaintiff had conditions that fit the definition of "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11).

19. Plaintiff was entitled to medical leave and gave proper notice of his intention to take FMLA leave.

20. After placing Plaintiff on FMLA leave, Defendant interfered with Plaintiff's FMLA rights by terminating him upon his return from leave.

21. Defendant terminated Plaintiff's employment in retaliation for requesting FMLA leave, which is a protected activity.

22. Although Plaintiff was protected under the FMLA, he suffered an adverse employment decision because he was terminated for taking FMLA leave. Plaintiff was terminated the same day he returned to work from being on FMLA leave.

23. Plaintiff was treated less favorably than employees who had not requested and/or taken FMLA leave.

24. As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at the time of trial.

25. As a result of Defendant's willful violations of the FMLA, Plaintiff requests he be awarded all damages to which he is entitled, as outlined in 29 U.S.C. § 2617, including but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest. In addition, Plaintiff requests liquidated damages equal to the

amount of reimbursable compensation described above. Plaintiff also requests reasonable attorneys' fees and court costs and any additional equitable relief to which he is entitled.

### REQUEST FOR RELIEF

26.  Based on the foregoing, Plaintiff requests the following relief:

   a. All reasonable damages;

   b. lost earnings and employee benefits in the past;

   c. lost earning and employee benefits that in reasonable probability will be lost in the future;

   d. compensatory damages, past and future (which may include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses);

   e. exemplary damages;

   f. liquidated damages as provided for under the FMLA;

   g. pre-judgment and post-judgment interest;

   h. costs of suit;

   i. attorneys' fees;

   j. experts' fees;

   k. that the case be tried to a jury; and

   l. the award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

**O'HANLON, DEMERATH & CASTILLO**
808 West Avenue
Austin, Texas 78701
(512) 494-9949
FAX: (512) 494-9919

*/s/ Audra G. Welter*
Audra Gonzalez Welter
State Bar No. 24055564

Southern District No. 932211
awelter@808west.com
David J. Campbell
State Bar No. 24057033
Southern District No. 1073749
dcampbell@808west.com
***Counsel for Plaintiff***

_____
Plaintiff Ernesto Rocha's Original Complaint                                                              Page 7